# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

November 1, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN K. ALFORD,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0069** (BOR Appeal No. 2046172)
                         (Claim No. 2009095548)

**MERRY X-RAY CHEMICAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian K. Alford, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Merry X-Ray Chemical Corporation, by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 8, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 22, 2010, decision denying a request to add subacromial bursitis and rotator cuff tendinitis as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Alford was working for Merry X-Ray Chemical Corporation as a field engineer when he injured his right shoulder lifting a rack onto an x-ray processor on June 17, 2009. The claim was held compensable for sprain/strain of the shoulder/arm. This Court in memorandum decision number 11-0947 affirmed the denial of a request to reopen the claim for temporary total disability benefits, and affirmed the denial of a request for a right shoulder arthroscopy, as the requests were not related to the compensable injury. On October 22, 2010, the claims

1

administrator denied a request to add subacromial bursitis and rotator cuff tendinitis as compensable conditions.

The Office of Judges affirmed the claims administrator's decision, and held that the preponderance of the evidence does not establish the causal relationship between the compensable injury and the requested conditions. On appeal, Mr. Alford argues that given the lack of evidence demonstrating a preexisting problem and Dr. Cox's medical statement the reasonable conclusion is that the current conditions were caused by the compensable injury. Merry X-Ray Chemical Corporation argues that the current conditions are inflammatory conditions which were not caused by the compensable injury. In a February 8, 2011, medical statement Dr. Cox noted that Mr. Alford continued to have pain on October 28, 2009, and a physical exam showed positive impingement signs in the right shoulder, definite tenderness, and strong resisted internal and external rotation. Dr. Cox also noted that surgery was performed on January 21, 2010, and found significant subacromial bursitis. Dr. Werntz, on December 8, 2009, performed a physician review and found that Mr. Alford had a common anatomic variant which worsens with age, and that the degenerative changes are age related and not brought on by activity or trauma, unless there is a fracture. In a September 10, 2010, physician review, Dr. Dauphin found that new evidence did not change the opinion that the changes present in the right shoulder are the result of natural deterioration of an organ or tissue and not related to the June 17, 2009, shoulder sprain/strain. Dr. Dauphin noted that there was insufficient trauma to create the current conditions.

In affirming the claims administrator's decision, the Office of Judges noted that Dr. Cox did not adequately explain the causal relationship between the compensable injury and subsequent development of subacromial bursitis and rotator cuff tendinitis. It noted that an MRI near the date of the compensable injury did not reflect these findings, but an MRI on April 24, 2010, showed rotator cuff tendinopathy and possible subacromial bursitis. The Office of Judges further noted that both Dr. Werntz and Dr. Dauphin found that the subacromial narrowing is age-related, and this was not disputed in the record. The evidence did not establish that subacromial bursitis and rotator cuff tendinitis should be compensable conditions in this claim. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 1, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum